MORRIS FROHMANN, Respondent, *v.* THE MANHATTAN RAILWAY COMPANY and Another, Appellants.

*Damages for easements — excessive award — when reduced.*

Where it is apparent from the evidence, in an action brought against an elevated railroad to recover compensation for the fee value of the easements taken and for past damages, that the valuation placed upon the premises in question by the expert on the part of the plaintiff does not at all coincide with the proofs as to the rentals received or with the ratio sworn to by such expert between the rental and fee value, such award will be reduced on appeal so as to coincide with the evidence.

APPEAL by the defendants, The Manhattan Railway Company and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 13th day of June, 1894, upon the decision of the court rendered after a trial at the New York Special Term.

*Julien T. Davies* and *F. Allis*, for the appellants.

*Leo C. Dessar* and *E. M. Felt*, for the respondent.

PER CURIAM:

This action was brought to recover compensation for the fee value of the easements of light, air and access pertaining to premises No. 725 Third avenue and for past damages. The plaintiff's property consists of a house and lot on the east side of Third avenue

at Forty-fifth street. The lot is nineteen feet ten inches in front by forty-five feet in depth. The house is an old-fashioned five-story brick building erected in 1866 or 1867 with a store on the ground floor and a suite of apartments on each of the upper floors. The plaintiff purchased the premises in April, 1889. The court awarded $1,500 as compensation for the fee damage, and $500 for rental damages from April, 1869, to June 30, 1893.

It is apparent upon an investigation of the evidence in this case that these awards were excessive. The valuation placed upon the premises in question by the expert upon the part of the plaintiff does not at all coincide with the proofs offered by the rentals received or with the ratio sworn to by this witness between rental and fee value.

The premises have undoubtedly to some extent been damnified by the presence of the elevated railroad, both in rental and fee value. We think that the fee damages should have been awarded at the sum of $900, and the rental damages at $300; and that the judgment should be reduced to those figures, and the extra allowance proportionately reduced; and as modified the judgment should be affirmed, without costs.

Present — VAN BRUNT, P. J., O'BRIEN and PARKER, JJ.

Judgment modified as directed in opinion and affirmed as modified, without costs.